**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| RICK BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:24-cv-571 |
| | ) |
| WEAS ENGINEERING, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. Comes now the Plaintiff, Rick Beasley ("Plaintiff" and/or "Beasley"), by undersigned counsel, and hereby files this lawsuit against Weas Engineering, Inc. ("Defendant"), under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.

### PARTIES

2. At all relevant times, Plaintiff has resided in the City of Greenwood, State of Indiana, and he is a citizen of the State of Indiana.

3. At all relevant times, the Defendant has maintained one or more offices in, and/or conducted business within, the geographical boundaries of the Southern District of Indiana.

### JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 1343 and 29 U.S.C. § 626(c).

5. Plaintiff is an "employee" as that term is defined by the ADEA.

6. Defendant is an "employer" as that term is defined by the ADEA.

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Plaintiff, Rick Beasley, is a male, aged (62) years old.

10. Defendant, Weas Engineering, Inc., is a regional provider of water management programs for boiler, cooling, reverse osmosis, and wastewater systems. The company sells treatment products and provides equipment and other services to its customers across several different states in the Midwest.

11. Beasley began working for the Defendant as a "Senior Equipment Sales Engineer" on or about August 1, 2021.

12. Beasley was hired on to use his knowledge and experience to sell high-purity water equipment and services to Defendant's new and existing customers and to help expand the Defendant's business in that area.

13. At all relevant times, Beasley's work performance met or exceeded any reasonable expectations of the Defendant. Beasley did not receive any discipline, warnings, improvement plans, or poor work reviews prior to his termination by Defendant.

14. Defendant agreed to pay Beasley a base salary, plus commissions (based on gross profit) on all sales of "high purity" equipment, supplies, and services.

15.    On October 7, 2022, the Defendant terminated Beasley's employment purportedly for poor work performance.

16.    Defendant terminated Plaintiff because of his age. Any other reason given by the Defendant is simply pretext.

17.    During the course of his employment, Beasley repeatedly requested that the Defendant provide him with the company's expected goals and/or quotas related to his "high-purity sales," however, the Defendant failed and refused to do so.

18.    In addition, Beasley repeatedly asked the Defendant to provide him with a list of current customers, lead-generating services, and other tools to help him further succeed in his position, however, the Defendant failed and refused to do so.

19.    Despite these obstacles, Beasley was successful in increasing the Defendant's "high-purity" sales by approximately 30% over Defendant's sales the previous year prior to Beasley's employment.

20.    Shortly before Beasley's termination, the Defendant hired a younger new employee, Chris Sullivan ("Sullivan"), into its water management sales. The Defendant also assigned Sullivan to assist Beasley with a couple of Beasley's "high purity" deals.

21.    Subsequently, after terminating Beasley, the Defendant gave all of Beasley's "high purity" sales business and responsibilities to Sullivan.

22.    On information and belief, Sullivan is less than half as old as Beasley.

23.    During the course of Beasley's employment, and after numerous requests, the Defendant failed and refused to even once provide Beasley with a commission statement, or any other detailed accounting, of the commissions actually earned by Beasley.

24.    On information and belief, Defendant has failed and refused to pay Beasley in accordance with the terms of Beasley's employment agreement dated April 27, 2021.

25.    Defendant has violated Beasley's rights as protected by the Age Discrimination in Employment Act.

26.    Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the Age Discrimination in Employment Act.

27.    Beasley has suffered, and continues to suffer, losses and damages as a result of the Defendant's unlawful conduct.

28.    Beasley requests that Defendant compensate him for his damages, including paying compensatory, liquidated, and/or punitive damages, as well as paying costs and attorney fees incurred in this matter.

## COUNT I

## AGE DISCRIMINATION-ADEA

29.    Plaintiff hereby incorporates paragraphs 1-28 of his Complaint.

30.    Defendant has accorded more favorable treatment to similarly-situated employees who are substantially younger than Plaintiff.

31.    Defendant took adverse employment actions against Plaintiff due to his age.

32.    Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiffs rights as protected by the ADEA.

33.    Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT II – BREACH OF CONTRACT

34.    Plaintiff hereby incorporates paragraphs 1-33 of his Complaint.

35.    On or about April 27, 2021, the Defendant offered, and Beasley subsequently accepted, employment as a Senior Equipment Sales Engineer to be compensated with an annual base salary plus commissions. (See attached Exhibit 1-"Employment Agreement").

36. On information and belief, Defendant has the original signed and accepted employment agreement in its possession.

37. Pursuant to the parties' employment agreement, Beasley was to be paid a base salary of $75,000.00 annually.

38. In addition to the base salary, Defendant also agreed to pay Beasley a 6.5% commission, based on gross profit, on sales of "capital equipment", associated supplies, and services. This commission is eligible for all sales from the capital equipment supplier list.

39. Under the agreement, Beasley was also eligible for an additional 1% bonus, starting in 2022, of 1% based on for gross profit above the target threshold for the entire equipment team.

40. Commissions and new business bonuses were typically to be paid monthly and, per the agreement, "Gross margin" was defined as sales less cost of goods sold which includes freight/delivery and lab/equipment support costs.

41. Per the agreement, Defendant was to review Beasley's compensation plan periodically to determine whether it was meeting the parties' mutual goals. Defendant further agreed to discuss target income levels with Beasley on a yearly basis.

42. The terms and conditions of the agreement represent a valid contract and are binding on the representatives, successors, and assigns of the parties thereto.

43. Despite Beasley's numerous requests, the Defendant failed and refused to review or discuss the company's expected goals and/or target income levels related to Beasley's sales.

44. Defendant further failed and refused to ever provide Beasley with a commission statement, or any other detailed accounting, of the commissions earned by Beasley during his employment.

45. On information and belief, Defendant has failed and refused to pay Beasley in accordance with the terms of Beasley's employment agreement dated April 27, 2021.

46. The Defendant, by and through its representatives and agents, has breached the terms and conditions of the April 27, 2021 employment agreement.

47. As a result of the Defendant's intentional and willful breach of the terms of the parties' employment agreement, Beasley has suffered, and continues to suffer, economic harm, damages, and other losses.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff, Rick Beasley, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory, liquidated, and/or punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in this action;

6. Defendant to provide Plaintiff with a detailed accounting of the commissions earned by Plaintiff during his employment;

7. Defendant to provide Plaintiff with a detailed accounting of the commissions actually paid to Plaintiff during his employment;

8. Defendant to pay Plaintiff any/all earned commissions not previously paid, plus interest; and

9. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,


John H. Haskin, Attorney No. 7576-49
Chad M. Buell, Attorney No. 20044-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com


## **DEMAND FOR JURY TRIAL**

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.


Respectfully submitted,


John H. Haskin, Attorney No. 7576-49
Chad M. Buell, Attorney No. 20044-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:      (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: cbuell@jhaskinlaw.com